**Chuck WILSON, Tax Assessor-Collector, Galveston County, Appellant,**

v.

**GALVESTON COUNTY CENTRAL APPRAISAL DISTRICT, et al., Appellees.**

No. C–4841.

Supreme Court of Texas.

July 2, 1986.

Anthony P. Griffin (Anthony P. Griffin, Inc.), Susan Baker Olsen, Galveston, for appellant.

Benjamin R. Powel and Otto D. Hewitt, III, McLeod, Alexander, Powel & Apffel, Galveston, for appellees.

McGEE, Justice.

This is a direct appeal. TEX.R.CIV.P. 499a. The issue is whether the power to appraise property in Galveston County for ad valorem tax purposes lies with the appraisal district or the county tax assessor-collector.

Chuck Wilson, Tax Assessor-Collector of Galveston County, filed suit against the Galveston County Central Appraisal Dis-trict to enjoin that body from removing him from the process of appraising property in Galveston County. Wilson maintained that the Texas Constitution authorized the county tax assessor-collector to appraise property for ad valorem tax purposes and that the provisions of the Property Tax Code purporting to grant the appraisal district ultimate authority over the appraisal process were unconstitutional. The trial court denied Wilson's claim for injunctive relief and held constitutional the challenged provisions of the Property Tax Code. We affirm.

Appraisal districts, such as the Galveston County Central Appraisal District, are political subdivisions of the state, created in the Property Tax Code, and charged with the responsibility "for appraising property in the district for ad valorem tax purposes." TEX.PROP.TAX CODE ANN. § 6.01(b) (Vernon 1982). With certain exceptions not pertinent here, each appraisal district extends to the boundaries of the county and is governed by a board of directors appointed by vote of the taxing units imposing ad valorem taxes on property in the county. TEX.PROP.TAX CODE ANN. §§ 6.02 and 6.03 (Vernon 1982).

The county tax assessor-collector, on the other hand, is a constitutional office established in Article VIII, Section 14, which provides that such officer

... shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the legislature.

TEX.CONST. Art. VIII, § 14. Although the power to appraise is not expressly mentioned in Article VIII, Section 14, it has been implied as a part of the assessor-collector's duty to assess. TEX.ATT'Y.GEN. L.A.-117 (1976).

Prior to the enactment of the Property Tax Code, each authority levying an ad valorem tax in the county possessed, and ordinarily exercised, independent powers of assessment and collection. This resulted in a system of multiple and usually inconsistent appraisals and provided the impetus for property tax reform in this state. Property

tax reform, in turn, produced an amendment to the constitution calling for a single, county-wide appraisal of property.

It was Article VIII, Section 18 which was amended to read, in pertinent part:

(b) *A single appraisal within each county* of all property subject to ad valorem taxation by the county and all other taxing units located therein *shall be provided by general law.* The Legislature, by general law, may authorize appraisals outside a county when political subdivisions are situated in more than one county or when two or more counties elect to consolidate appraisal services.

TEX.CONST. Art. VIII, § 18(b). (Emphasis added). The general law passed by the Legislature to codify the single appraisal concept of Article VIII, § 18(b) was the Property Tax Code.

Wilson argues that certain provisions of the Property Tax Code are unconstitutional because they usurp his traditional role in the appraisal process. His argument is based on two premises: (1) Article VIII, Section 14, impliedly grants him power to appraise property for ad valorem tax purposes, and (2) Article VIII, Section 18 does not take that power away, but simply mandates a single appraisal. In order to harmonize his constitutional powers and the single appraisal concept, Wilson concludes the county tax assessor-collector must be the officer in charge of the single appraisal. Under the scheme of the Property Tax Code, this means that Wilson must serve as "chief appraiser" for the appraisal district. We disagree.

Neither the language nor the legislative history of the property tax reform legislation supports Wilson's contentions. It was in 1973, that State Representative Wayne Peveto first introduced a proposal to revise the state's property tax system. Succeeding sessions of the Legislature considered revisions of Peveto's proposals, until in 1979 Senate Bill 621, enacting the Property Tax Code, passed both houses and was signed by the governor. As previously mentioned, this legislation created "appraisal districts" as political subdivisions of the state and charged them with the responsibility for appraising property in the district. TEX.PROP.TAX CODE ANN. § 6.01 (Vernon 1982).

As enacted in 1979, however, the Property Tax Code did not require counties to join the appraisal districts although they were encouraged to join and the vast majority did join. Counties were initially exempted because of a 1976 Attorney General opinion which advised that the tax assessor-collector's constitutional power to assess property included both the power to appraise and the power to determine the amount of tax to impose. TEX.ATT'Y.GEN. L.A.–117 (1976). A concern arose that perhaps Article VIII, Section 14 granted counties the right to do their own appraisal work.

In order to resolve this concern, the Legislature, concurrent with the passage of the Property Tax Code, S.B. 621, passed House Joint Resolution 98, the proposed amendment to Article VIII, Section 18 of the Constitution. The purpose of this proposed amendment was to require a single appraisal and a single board of equalization within each county for ad valorem tax purposes and thereby compel those counties which had not already joined appraisal districts to give up their separate systems of appraisal and equalization. Texas Legislative Council, Analysis of Proposed Constitutional Amendments, Information Report No. 80–1 (1980); House Study Group, Special Report No. 61 (1980).

Following the peoples' approval of the constitutional amendment, the Legislature passed House Bill 30 which codified the single appraisal concept of amended Article VIII, Section 18(b). As it had done prior to the enactment of the Property Tax Code, the Legislature again considered and rejected legislation similar to Wilson's present contention—that the county tax assessor-collector should be the officer in charge of the single appraisal of all property subject to ad valorem tax in the county. *See* H.J. of Tex., 67th Leg., Reg.Sess. pp. 2433–2529 (1981); House Study Group Report, Bill Analysis, Tex.H.B. 602 & 1465, 67th Leg., Reg.Sess. (1981); House Study

Group Report, Bill Analysis, Tex.H.B. 30, 67th Leg. 1st Called Sess. (1981); Debate Tex.H.B. 30 on the Floor of the House, 67th Leg., 1st Called Sess. (Aug. 3, 1981) (cassette tape). With the passage of H.B. 30 the exemption previously applicable to counties was repealed and all appraisals, including those of the county, were centralized in one authority, the appraisal district.

Assuming a constitutional amendment was necessary to separate "appraisal" from the express assessing function of the county tax assessor-collector, the amendment to Article VIII, Section 18 accomplishes this. In construing the Texas Constitution, it is our duty "to ascertain and give effect to the plain intent and language of the framers of a constitutional amendment and of the people who adopted it." *Gragg v. Cayuga Independent School District*, 539 S.W.2d 861, 866 (Tex.1976). In unequivocal language, Section 18(b) directs the Legislature to provide for a single appraisal within each county. The Legislature has done this by enacting the Property Tax Code which creates appraisal districts in each county and charges them with the responsibility for appraising property within their districts.

The Property Tax Code provides the appraisal district with two alternative methods for producing a single, district-wide appraisal of property. The district may either establish an appraisal office administered by a "chief appraiser" appointed by the board of directors, or it may contract with a taxing unit in the district to perform the duties of the appraisal office in which case the head of the taxing unit serves as "chief appraiser." TEX.PROP.TAX CODE ANN. § 6.05(b) and (c) (Vernon 1982). Until 1986, the Galveston County Central Appraisal District operated under this latter alternative using Wilson, the county tax assessor-collector, as "chief appraiser." When the appraisal district announced its intentions to sever contractual ties with the county and to select a new "chief appraiser," Wilson filed the present action contending that only he, the duly elected county tax assessor-collector, was constitutionally authorized to appraise property within

Galveston County. The Property Tax Code, however, clearly confines the selection and tenure of the "chief appraiser" to the discretion of the appraisal district board of directors. TEX.PROP.TAX CODE ANN. § 6.05(c) (Vernon 1982). We have found no constitutional provision which limits the appraisal district's discretion in this matter.

The judgment of the trial court is affirmed.

KILGARLIN, J., joined by RAY, J., dissents.

KILGARLIN, Justice, dissenting.

I respectfully dissent. It is a tortured reading, at best, of the amendment to Tex. Const. art. VIII, § 18, to conclude that it strips from elected officials their constitutional obligation to "perform *all the duties* with respect to assessing property for the purpose of taxation ..." Tex. Const. art. VIII, § 14. Further, I seriously doubt that Texans, with a strong tradition since Reconstruction of electing public servants, would have approved the 1980 amendment to article VIII, section 18, had they known that it would be subsequently interpreted to mean that the people's duly elected tax assessor and collector would be substituted by appraisal boards insulated from public scrutiny.

The ballot, in 1980, read: "The constitutional amendment requiring a single appraisal and a single board of equalization within each county for ad valorem tax purposes." H.J.R. 98, 66th Leg., 1979 Tex. Gen.Laws 3229. Nothing in this language remotely suggests that the tax assessor and collector would not perform that appraisal. It is fundamental that one of the duties with respect to assessing property is to first appraise it.

What we have wrought by the court's opinion today is to give to faceless, nameless boards, responsible to the electorate only in a most indirect and circuitous way, a stamp of approval to continue to escalate to irrational levels appraised evaluations

far in excess of the market value of people's homes. If no taxation without representation was a popular theme a little over two hundred years ago, surely no appraisal without representation should share a similar accolade today.

Although the court analyzes laws enacted subsequent to the amendment to article VIII, section 18, in an effort to justify its holding, the appellee Appraisal District contends that the tax assessor and collector has been denuded of his appraisal duties solely on the basis of the constitutional amendment.

This court has an obligation to read in harmony provisions of the Constitution. We can do so by simply requiring a single appraisal within each county to be performed by the tax assessor and collector of that county. I would reverse the trial court's judgment.

RAY, J., joins in this dissent.