

# THE ATTORNEY GENERAL
## OF TEXAS

July 14, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert W. Post
County Attorney
DeWitt County Courthouse
P. O. Box 110
Cuero, Texas 77954

Opinion No. JM-747

Re: Whether a commissioners court may call an election for the purpose of consolidating tax assessing and appraisal functions in the office of county tax assessor-collector

Dear Mr. Post:

You ask whether a commissioners court may call an election for the purpose of consolidating tax assessing and appraisal functions in the office of the elected county tax assessor-collector. You inform us that a petition calling such an election has been presented to the commissioners court. The commissioners court refused to verify the signatures, because it felt that it was without authority to call such an election. We agree. We conclude that a commissioners court is without authority to call an election for the purpose of consolidating tax <u>assessing</u> and <u>appraisal</u> functions; it possesses the authority to call an election for the consolidation of tax <u>assessing</u> and/or <u>collecting</u> functions only.

Section 6.26, Tax Code, permits an election for the purpose of consolidating assessing and collecting functions and provides the following:

> (a) The qualified voters residing in an appraisal district by petition submitted to the county clerk of the county principally served by the appraisal district may require that an election be held to determine whether or not to require the appraisal district, the county assessor-collector, or a specified taxing unit within the appraisal district <u>to assess, collect, or assess and collect property taxes on property appraised by the district for all taxing units.</u>

> (b) The qualified voters of a taxing unit that <u>assesses, collects, or assesses and collects</u> its own property taxes by petition submitted to the governing body of the taxing unit may require that

an election be held to determine whether or not to require the appraisal district, the county assessor-collector, or another taxing unit that is assessing and collecting property taxes to assess, collect, or assess and collect the unit's property taxes.

. . . .

(e) If the commissioners court or the governing body finds that the petition is valid, it shall order that an election be held in the district or taxing unit on the next uniform election date prescribed by the Texas Election Code that is more than 60 days after the last day on which it could have acted to approve or disapprove the petition. At the election, the ballots shall be prepared to permit voting for or against the proposition: 'Requiring the (name of entity or office) to (assess, collect, or assess and collect, as applicable) property taxes for (all taxing units in the appraisal district for _____ county or name of taxing unit or units, as applicable.)'

. . . .

(j) An appraisal district may not be required by an election to assess, collect, or assess and collect taxes on property outside the district's boundaries. A taxing unit may not be required by an election to assess, collect, or assess and collect taxes on property outside the boundaries of the appraisal district that appraises property for the unit. (Emphasis added).

See also Tax Code §§6.24 (authorizing contracts for assessing and collecting); 6.27 (compensation for assessing and collecting).

Section 6.23, Tax Code, sets forth the duties of a tax assessor-collector and sets forth the following:

(a) The county assessor-collector shall assess and collect taxes on property in the county for the county. He shall also assess and collect taxes on property for another taxing unit if:

(1) the law creating or authorizing creation of the unit requires it to use the

> county assessor-collector for the taxes the unit imposes in the county;
>
> (2) the law creating or authorizing creation of the unit does not mention who assesses and collects its taxes and the unit imposes taxes in the county;
>
> (3) the governing body of the unit requires the county to assess and collect its taxes as provided by Subsection (c) of Section 6.22 of this code; or
>
> (4) required by an intergovernmental contract.
>
> (b) The assessor and collector for a taxing unit other than a county shall assess, collect, or assess and collect taxes, as applicable, for the unit. He shall also assess, collect, or assess and collect taxes, as applicable, for another unit if:
>
> (1) required by or pursuant to the law creating or authorizing creation of the other unit; or
>
> (2) required by an intergovernmental contract.

We have already concluded that "assessing" does not comprise the activity of "appraising." In Attorney General Opinion JM-35 (1983), we declared the following:

> Whatever the term "assess" may have meant prior to January 1, 1982, see Attorney General Opinion MW-4 (1979), it is clear that the term does not presently encompass the activity of valuing property. The Tax Code contemplates a three-step process: (1) appraisal of property, see, e.g., §§6.01-6.08, chs. 23, 24, 25, Tax Code; (2) assessment, see §§6.21-6.30, ch. 26; and (3) collection of taxes, see ch. 31. An 'assessor' is 'the officer or employee responsible for assessing property taxes as provided by Chapter 26 of the Code for a taxing unit by whatever title he is designated.' (Emphasis added). Tax Code §1.04(14).

Our construction of the relevant Tax Code provisions was impliedly upheld in <u>Wilson v. Galveston County Central Appraisal District</u>, 713 S.W.2d 98 (Tex. 1986), wherein a county tax assessor-collector sought to enjoin the county appraisal district from removing him from the process of appraising property in the county. The county tax assessor-collector argued that article VIII, sections 14 and 18, of the Texas Constitution should be read together to require that the county tax assessor-collector must be the person who is required to conduct the single county-wide appraisal of property for ad valorem tax purposes. The relevant portion of article VIII, section 14, of the Texas Constitution creates the constitutional office of county tax assessor-collector and provides that such officer

> shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the legislature.

The relevant portion of article VIII, section 18, of the Texas Constitution was amended in 1980 to read:

> (b) <u>A single appraisal within each county</u> of all property subject to ad valorem taxation by the county and all other taxing units located therein <u>shall be provided by general law.</u> The Legislature, by general law, may authorize appraisals outside a county when political subdivisions are situated in more than one county or when two or more counties elect to consolidate appraisal services. (Emphasis added).

The general law passed by the legislature pursuant to article VIII, section 18(b), was the Property Tax Code.

Relying upon Attorney General Letter Advisory No. 117 (1976), the county tax assessor-collector argued that article VIII, section 14, of the constitution impliedly granted to him the authority to <u>appraise</u> property for ad valorem taxation, because the term "assess" in article VIII, section 14, encompasses the activity of valuing or "appraising" property. He argued further that article VIII, section 18(b), should be read together with article VIII, section 14, to require that the county tax assessor-collector be the officer who must conduct the single county-wide appraisal. The Texas Supreme Court, however, disagreed. The court reviewed the history of the property tax reform legislation and concluded:

> <u>Assuming a constitutional amendment was necessary</u> <u>to separate 'appraisal' from the express assessing</u> <u>function of the county tax assessor-collector, the</u>

> amendment to Article VIII, Section 18 accomplishes
> this. . . . In unequivocal language, Section
> 18(b) directs the Legislature to provide for a
> single appraisal within each county. The Legisla-
> ture has done this by enacting the Property Tax
> Code which creates appraisal districts in each
> county and charges them with the responsibility
> for appraising property within their districts.
>
> The Property Tax Code provides the appraisal
> district with two alternative methods for
> producing a single, district-wide appraisal of
> property. The district may either establish an
> appraisal office administered by a 'chief
> appraiser' appointed by the board of directors, or
> it may contract with a taxing unit in the district
> to perform the duties of the appraisal office in
> which case the head of the taxing unit [sic]
> serves as 'chief appraiser.' [Citation omitted].
> . . . The Property Tax Code, however, clearly
> confines the selection and tenure of the 'chief
> appraiser' to the discretion of the appraisal
> district board of directors. [Citation omitted].
> We have found no constitutional provision which
> limits the appraisal district's discretion in this
> matter. (Emphasis added).

Wilson v. Galveston County Central Appraisal District, 713 S.W.2d at 101. Section 6.26, Tax Code, permits a consolidation election regard- ing assessing and collecting, not appraising and collecting. In the instance of a special election, the exercise of a grant of authority to call an election must be in strict conformity with the provisions of the legislative grant. West End Rural High School District of Austin County v. Columbus Consolidated Independent School District of Colorado County, 221 S.W.2d 777 (Tex. 1949) [hereinafter West End]; Mesquite Independent School District v. Gross, 67 S.W.2d 242 (Tex. 1934). As the Texas Supreme Court has declared: "When a statute which authorizes a special election . . . prescribes the form in which the question shall be submitted to the popular vote, we are of the opinion that the statute should be strictly complied with." Reynolds Land & Cattle Co. v. McCabe, 12 S.W. 165 (Tex. 1888); Coffee v. Lieb, 107 S.W.2d 406, 411 (Tex. Civ. App. - Eastland 1937, no writ).

In West End, the special election at issue was one to consolidate school districts; the issue was whether the petition to call the election was defective. The petition failed to identify correctly the school districts involved. In discussing the conditions precedent necessary to call the election, the court declared the following:

> Article 2806 [governing school district consolidation elections] does not purport to confer unlimited power, or jurisdiction, upon a county judge to call special elections for the purpose of effecting consolidation of school districts. The statute expressly limits his jurisdiction to the instances in which he is presented with a petition complying with the above-noted requirements; in other words, with a proper petition. The requirements pointed out are conditions precedent to invoke the jurisdiction of a county judge to call an election for creating a district or districts by consolidation; and consequently the requirements limit his potential jurisdiction. (Emphasis added).

221 S.W.2d at 779. Since we believe that the petition requirements of section 6.26 are clear and unambiguous, it follows that it must be enforced according to its express language. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983).

Subsection (c) of section 6.26, Tax Code, provides:

> A petition is valid if:
>
> (1) it states that it is intended to require an election in the appraisal district or taxing unit on the question of consolidation of assessing or collection functions or both;
>
> (2) it states the functions to be consolidated and identifies the entity or office that will be required to perform the functions; and
>
> (3) it is signed by a number of qualified voters equal to at least 10 percent of the number of qualified voters, according to the most recent official list of qualified voters, residing in the appraisal district, if the petition is authorized by Section (a) of this section, or in the taxing unit, if the petition is authorized by Subsection (b) of this section, or by 10,000 qualified voters, whichever number is less.

Clearly, the petition about which you inquire fails to satisfy subsections (c)(1) and (c)(2); the commissioners court is without authority to call an election pursuant to a non-conforming petition. Specifically, a commissioners court may not call an election for the purpose of consolidating tax assessing and appraisal functions in the

office of county tax assessor-collector. Section 6.26, Tax Code, permits an election for the consolidation of tax assessing and collecting only.

### S U M M A R Y

A commissioners court may not call an election for the purpose of consolidating tax assessing and appraisal functions in the office of county tax assessor-collector. Section 6.26, Tax Code, permits an election for the consolidation of tax assessing and collecting only.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General