

# THE ATTORNEY GENERAL
## OF TEXAS

February 24, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Pasco Parker
Collin County Auditor
Office of County Auditor
McKinney, Texas    75069

Opinion No. JM-1020

Re:    Whether computation of a county tax rate under section 26.04 of the Tax Code may be performed by an individual who is not certified under article 7244b, V.T.C.S.   (RQ-1573)

Dear Mr. Parker:

You ask:

> Is the county auditor or other officer or employee of the county appointed by the commissioners court to complete the effective tax rate calculation under section 26.04 of the Tax Code required to be certified by the Board of Tax Professional Examiners?

V.T.C.S. art. 7244b, the Property Taxation Professional Certification Act, requires that certain persons performing functions related to tax appraisal, assessment, and collection register with and eventually obtain certification from the Board of Tax Professional Examiners (the "board"). Section 2 of the act defines "appraisal," "assessment," and "collections" as follows:

> (1) 'Appraisal' means those functions described in Chapters 23 and 25, Tax Code, that are performed by employees of political subdivisions or by persons acting on behalf of political subdivisions and that involve an estimate or opinion of value of a property interest.

> (2) 'Assessment' means those functions described in Chapter 26, Tax Code, and performed by employees of political subdivisions or by persons acting on behalf of political subdivisions, to determine an amount of ad valorem tax.

. . . .

> (6) 'Collections' means those functions described in Chapter 31 and Sections 33.02, 33.03, and 33.04, Tax Code.

Section 11 of the act provides:

> The following persons shall register with the board:
>
> (1) all chief appraisers, appraisal supervisors and assistants, property tax appraisers, appraisal engineers, and other persons with authority to render judgment on, recommend, or certify appraised values to the appraisal review board of an appraisal district;
>
> (2) the tax assessor-collector, tax collector, or other person designated by the governing body of a taxing unit as the chief administrator of the unit's assessment functions, collections functions, or both; and other persons who perform assessment or collections functions for the unit whom the chief administrator of the unit's tax office requires to register; and
>
> (3) all persons engaged in appraisals of real or personal property for ad valorem tax purposes for an appraisal district or a taxing unit.

Section 17 directs the board to adopt by rule "requirements for the certification of registrants." The rules must require that the registrants in the various categories attain board certification within the periods of time specified in section 17.

We believe that a person performing the tax rate calculations for a county under section 26.04 of the Tax Code is performing assessment functions within the meaning of section 2(2) of article 7244b. Essentially, section 26.04 directs the governing body of a taxing unit to designate an officer or employee to calculate the "effective" tax rate which if imposed on taxable property will raise the tax revenues needed to meet the taxing unit's obligations and

other expenses for the tax year.[1] Such "officer or employee" must also, under section 26.04, calculate the "rollback tax rate," for purposes of the hearing and rollback election provisions of sections 26.06 and 26.07, and cause to be publicized the tax rate and certain figures involved in the calculation. Though the tax rate calculations under section 26.04 do not finally "determine an amount of ad valorem tax" for particular taxable properties, the calculations are a necessary step leading to such eventual determinations of ad valorem taxes for particular properties by the county tax assessor-collector under section 26.09. The section 26.04 calculations are thus among the "functions described in Chapter 26 . . . to determine an amount of ad valorem tax" within the meaning of section 2(2) of article 7244b.[2]

Not all persons performing assessment functions are required to register with the board, however. Under section 11, subsection (2), a person performing assessment functions who is not a tax assessor-collector, tax collector, or other person designated as chief administrator of the unit's assessment functions, must register with the board only if the "chief administrator of the unit's tax office" requires such registration.

The "chief administrator of the unit's tax office" who would be entitled under section 11, subsection (2), to require that a person performing assessment functions register with the board must be, in the case of a county, the constitutional officer, i.e., the county tax assessor-

---

1.  The term taxing unit as used in section 26.04 includes a county. See Tax Code § 1.04(12).

2.  The term assessment has been construed very broadly. For example, Attorney General Letter Advisory No. 117 (1976) ruled that the duties of the county tax assessor-collector with respect to assessing property for the purpose of taxation under the Texas Constitution article VIII, section 14, included "the appraisal of property as well as a determination of the amount of tax to be imposed." (A 1980 amendment to article VIII, section 18, subsequently separated the appraisal from the assessment functions of the county tax assessor-collector. See Wilson v. Galveston County Central Appraisal Dist., 713 S.W.2d 98 (Tex. 1986).) See also 54 Tex. Jur. 2d Taxation § 86; Attorney General Opinion MW-4 (1979).

collector. See Tex. Const. art. VIII, § 14; Tax Code § 6.21; and Attorney General Opinions JM-918 (1988) and JM-833 (1987).

Thus, in response to your question, we conclude that a person designated to perform tax rate calculations for a county under section 26.04 of the Tax Code, must, if he is not the county tax assessor-collector, register with and proceed to certification by the Board of Tax Professional Examiners under V.T.C.S. article 7244b only if so required by the county tax assessor-collector. (Clearly, the tax assessor, whether or not he himself performs the tax rate calculations, must so register and proceed to certification. See Attorney General Opinion H-1120 (1978).)

## S U M M A R Y

A person designated to make the tax rate calculations under Tax Code section 26.04 must register with and proceed to certification by the Board of Tax Professional Examiners if the county tax assessor-collector so requires. V.T.C.S. art. 7244b. The county tax assessor-collector must in any case so register and proceed to certification.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General