

# THE ATTORNEY GENERAL
## OF TEXAS

February 10, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Donald M. Keith
Criminal District Attorney
Polk County Courthouse
Livingston, Texas    77351

Opinion No.   JM-1015

Re:   Validity   under   article
VIII, section 14, of the Texas
Constitution, of section  6.30
of the Tax Code   (RQ-1479)

Dear Mr. Keith:

You ask the following question:

> Does section 6.30 of the Texas Property Tax
> Code violate article VIII, section 14, of  the
> Texas Constitution insofar   as it attempts   to
> ascribe duties incident to tax collections   to
> persons other   than the   County Tax   Assessor-
> Collector?

Section 6.30 of the Tax Code provides as follows:

> (a)   The county attorney or, if there is no
> county attorney, the   district attorney   shall
> represent the county to enforce the collection
> of delinquent taxes if the commissioners court
> does not contract with  a private attorney   as
> provided by Subsection (c) of this section.

> (b)   [applies to taxing unit   other than   a
> county]

> (c)   The governing   body of   a taxing   unit
> may contract   with any   competent attorney   to
> represent the unit   to enforce the   collection
> of delinquent taxes. . . .

> (d)   [repealed]

> (e)   A contract with an attorney that   does
> not conform to the   requirements of this   sec-
> tion is void.

Section 6.30 pertains to   representation of the   county
in enforcing  delinquent tax   collections.  It provides   no

role for the county tax assessor-collector, and for this reason, you wish to know whether it violates article VIII, section 14, of the Texas Constitution. This constitutional provision reads as follows:

> Except as provided in Section 16 of this Article, there shall be elected by the qualified voters of each county, an Assessor and Collector of Taxes, who shall hold his office for four years and until his successor is elected and qualified; and <u>such Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature.</u>[1] (Emphasis added.)

Tex. Const. art. VIII, § 14.

The offices of tax assessor and tax collector were formerly separate offices established respectively by sections 14 and 16 of article VIII. H.J.R. No. 21, Acts 1931, 42d Leg., at 942; Acts 1933, 43d Leg. at xix. In 1932 these constitutional provisions were amended to consolidate the two offices into a single office of tax assessor-collector. The same amendment added the underlined clause to article VIII, section 14. <u>Id.</u>

The commissioners court had statutory authority to contract for attorneys to enforce delinquent tax collections before the 1932 amendment consolidated the tax collector's and tax assessor's offices. <u>See</u> Acts 1923, 38th Leg., 3d C.S., ch. 13, at 31; Acts 1923, 38th Leg., 2d C.S., ch. 35, at 78 (enacting predecessor of section 6.30 of Tax Code, formerly codified as article 7335, V.T.C.S. (Vernon 1960)). Judicial discussions of the relative powers of the commissioners court and the constitutional tax collector in collecting delinquent taxes provide some insight into which tax collection functions the legislature could at that time allocate to other officers. <u>See generally</u> Attorney General Opinion JM-911 (1988) at 17 ("core functions" of county

---

1. The second clause of article VIII, section 14 should be read as if it stated: "all duties with respect to assessing property . . . and to collecting taxes, as may be prescribed by the Legislature." G. Braden, <u>The Constitution of the State of Texas: An Annotated and Comparative Analysis</u>, 638 (1977).

treasurer's office); Attorney General Opinion JM-833    (1987)
(county tax assessor-collector).

In Rusk County v. Maloney, 38 S.W.2d  868 (Tex.  Civ.
App. - Texarkana 1931, writ ref'd),  the court stated  that
the tax  collector's  statutory  authority  to receive  and
collect taxes meant that  he was "to  demand and enforce  in
the ordinary way"  the payment  of taxes  on the  assessment
roll, but  he did not  have  exclusive authority  over  the
collection of  delinquent taxes.   38  S.W.2d at  871.   The
commissioners court had authority to employ other persons to
assist in enforcing the collection of delinquent taxes.  Id.

In  upholding  a  provision  of  former  article  7335,
V.T.C.S., which authorized the  commissioners court to  "pay
for an  abstract of  property assessed  or unknown  and  un-
rendered" from the taxes, interest and penalty collected  on
such lands, the Texas Supreme Court rejected the view of the
Court of Civil Appeals that all duties regarding the collec-
tion of  delinquent taxes  were vested  by the  constitution
in a constitutional officer.   Cherokee County v. Odom,  15
S.W.2d 538  (Tex.  1929).   The  Supreme  Court  quoted  the
following statement made by the court below:

> The Constitution provides for the election
> of a tax assessor in each county. . . .   The
> Constitution has also provided for the elec-
> tion of a  tax collector in  each county,  to
> whom is committed the duty of performing  all
> the duties, other than those involved in
> judicial proceedings, which are necessary  in
> the collection  of  taxes. It  has  likewise
> provided  for  the  election  of  county  and
> district  attorneys,  whose  duty  it  is  to
> represent the state and county in filing  and
> prosecuting suits necessary  for the  collec-
> tion of delinquent taxes.  (Emphasis added.)

15 S.W.2d at 540 (quoting Cherokee County v. Odom, 297  S.W.
1055 (Tex. Civ. App. - Texarkana 1927), rev'd 15 S.W.2d  538
(Tex. 1929)).  The  Supreme Court disagreed  with the  lower
court, stating the the  duty of "performing these  arduous,
laborious, and  technical  services  for a  county"  is  not
placed by the constitution or  the statutes upon the  county
tax assessor,  the  county  tax  collector,  the  county or
district attorney, or any other officer of government.  Id.
at 541.

Of particular interest in  addressing your question  is
the lower court's exclusion  of duties involved in  judicial
proceedings from the tax collector's area of responsibility.

Although that court believed that a broad range of tax collection functions may be performed only by the county tax collector, it did not include duties involving judicial proceedings among his constitutionally mandated duties. Section 6.30 of the Tax Code concerns the legal representation of the county by an attorney in enforcing the collection of delinquent taxes, i.e., tax collection duties which may involve judicial proceedings. See Cameron v. Earnest, 34 S.W.2d 685 (Tex. Civ. App. - San Antonio 1930, writ dism'd) (attorney could be compensated for collecting delinquent taxes even though he did not bring suit therefor).

The 1932 amendment to article VIII, section 14, of the Texas Constitution was submitted to the voters under the following ballot proposition:

> 'For amendment to the Constitution of the State of Texas, combining into one office of Assessor and Collector of Taxes, the offices of Assessor and Tax Collector'; and . . . 'Against the amendment to the Constitution of the State of Texas, combining into one office of assessor and collector of taxes, the offices of assessor and tax collector.'

H.J.R. No. 21, Acts 1931, 42d Leg., § 3, at 943. Thus, according to the ballot proposition and also the caption to the resolution proposing the amendment, the reason for adopting this provision was to consolidate the offices. Neither the caption nor the ballot proposition mentioned the clause stating that the tax assessor-collector "shall perform all the duties with respect to assessing property . . . and of [sic] collecting taxes as may be prescribed by the Legislature."

This clause may only have been intended to mean that the new tax assessor-collector would perform all the duties formerly performed by the two separate officers, even if the statutes placed such duties on the "tax assessor" or the "tax collector." Duties with respect to tax assessment and tax collection had in the past been prescribed by the legislature and would still be prescribed by the legislature. The added clause is not the basis of any limits on the legislature's power to change "core functions" of the tax assessor-collector; these limits already existed with respect to the separate offices and after 1932 applied to the combined office of tax-assessor collector. See Missouri, K. & T. Ry. Co. of Texas v. Shannon, 100 S.W. 138, 142 (Tex. 1907). The explicit statement that the tax assessor-collector "shall perform all the duties" with

respect to tax assessment and collection in effect codifies the view that the constitution delegates a certain body of tax assessment and tax collection functions to the county tax assessor-collector so that the legislature may not delegate them by statute to other persons. See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Attorney General Opinion JM-833 (1987); Letter Advisory No. 117 (1976); see also Wilson v. Galveston County Central Appraisal District, 713 S.W.2d 98 (Tex. 1986) (discussing article VIII, section 18, of Texas Constitution, which mandates single appraisal and single board of equalization in each county).

Neither the legislature nor the courts treated the 1932 amendment as repealing existing law on contracts for delinquent tax collections or otherwise radically changing the legislature's power to define tax assessment and collection duties. The first legislative session to meet after the amendment was approved by the voters adopted the following provision to implement it:

> Hereafter, whenever the words 'Assessor,' 'Assessor of Taxes,' 'Collector,' 'Collector of Taxes,' or 'Tax Collector' are used, either in Articles 7181 to 7359 . . . as well as the Revised Code of 1925 . . . same shall be applicable to and mean the one office or officer of Assessor and Collector of Taxes, and shall be so construed as to accomplish the object and intent and carry out the purpose of Sections 14 and 16 of Article 8, of the Texas Constitution, as the same was amended on November 8, 1932.

Acts 1933, 43d Leg., ch. 197, § 5, at 600 (codified as V.T.C.S. art. 7181a (1925), repealed by Acts 1979, 66th Leg., ch. 841, § 6(a)(1), at 2329). In determining the meaning of a constitutional provision, a court will give weight to a legislative construction, particularly to a contemporaneous construction which has been acquiesced in and adhered to for a long period of time. Director of Department of Agriculture & Environment v. Printing Industries Assn., 600 S.W.2d 264 (Tex. 1980); Walker v. Baker, 196 S.W.2d 324 (Tex. 1946).

In 1938, the Texas Supreme Court, in holding a 1937 county contract for collection of delinquent taxes invalid because it was not approved by the comptroller and the attorney general as required by statute, stated as follows:

> The Legislature has the sole power to provide for the collection of delinquent

> taxes and to fix the compensation to be paid for such services. It is also true that the commissioners' courts derive their power to execute contracts with respect to the collection of delinquent taxes exclusively from the statutes. <u>Easterwood v. Henderson County</u>, Tex. Com. App., 62 S.W.2d 65.

<u>White v. McGill</u>, 114 S.W.2d 860, 863 (Tex. 1938). Neither the parties nor the court raised any question as to the validity of the statute under article VIII, section 14. Nonetheless, the court's unqualified statement about the legislature's power and its citation of <u>Easterwood v. Henderson County</u>, 62 S.W.2d 65 (Tex. Comm'n App. 1933, judgmt. adopted), a case involving a pre-1932 contract for delinquent tax collections, suggest that no such constitutional issue even vaguely troubled the court.

In <u>Pritchard & Abbott v. McKenna</u>, 350 S.W.2d 333 (Tex. 1961), the Supreme Court determined that the commissioners court had implied authority to contract for the appraisal of all properties in the county to assist it in carrying out its duties as a board of equalization for the county. In upholding the contract the court rejected the argument that it resulted in the commissioners court taking over the functions of the county tax assessor and collector. 350 S.W.2d at 336-338. The court also rejected the argument that the contract was invalid under the reasoning of <u>White v. McGill</u>, stating that:

> [T]he contract between Galveston County and Pritchard & Abbott was not entered into in connection with the collection of delinquent taxes and so for that reason did not require the approval of the State Comptroller. Consequently the decisions in <u>Marquart v. Harris County and White v. McGill</u> are not in point.

350 S.W.2d at 338. Thus, even in a case where the Supreme Court explicitly dealt with an issue of usurpation of the tax assessor-collector's authority, the court matter-of-factly referred to the collection of delinquent taxes pursuant to a contract authorized by the commissioners court under a predecessor of section 6.30 of the Tax Code.

The authorities discussed in this opinion show that the legislature and the courts have long assumed the contractual procedure authorized by section 6.30 and its predecessors to be consistent with the constitutional authority of the county tax collector and tax assessor-collector. Such constructions of constitutional provisions are entitled to

great weight. See Director of Department of Agriculture & Environment v. Printing Industries Assn., supra.  Moreover, section 6.30 of the Tax Code pertains to collection efforts by the district or county attorney or by a private attorney with whom the commissioners court has contracted. As the court of civil appeals in Cherokee County v. Odom suggested, legal representation in the collection of delinquent taxes is outside the scope of the tax assessor-collector's constitutional functions. 297 S.W. 1055 (Tex. Civ. App. - Texarkana 1927), rev'd on other grounds, 15 S.W.2d 538 (Tex. 1929).  The courts have not decided what powers and duties comprise the county tax assessor-collector's non-delegable duties, see Green v. Stewart, supra, and we need not address that question.  The courts' long acceptance of the contracts now authorized by section 6.30 and the history of the amendment to article VIII, section 14, of the Texas Constitution convince us that the procedures authorized by section 6.30 of the Tax Code do not violate that constitutional provision.  See also Tex. Const. art. V, § 18; Pritchard & Abbott v. McKenna, supra; Cherokee County v. Odom, supra, (authority of commissioners court to make contracts for the county).

## S U M M A R Y

Section 6.30 of the Tax Code does not violate article VIII, section 14, of the Texas Constitution.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General