**AFFIRM; Opinion Filed April 24, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00165-CR**
**No. 05-13-00166-CR**

**EX PARTE ABUNDIO VAZQUEZ**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause Nos. 061906, 061907**

**MEMORANDUM OPINION**

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Abundio Rivera is charged–in each of two indictments involving separate complainants–with two counts of improper photography or visual recording. *See* TEX. PEN. CODE. ANN. § 21.15(b)(1), (2) (West 2011). After appellant's pretrial bond was revoked following a hearing on the State's motion, appellant filed an application for writ of habeas corpus seeking reinstatement of the bond. Following a hearing, the trial judge denied appellant the relief he sought. In his sole issue on appeal, appellant asserts the United States and Texas Constitutions protect him from being held without bond pending trial for two "non-violent state jail felonies" based solely on a finding of substantial evidence that he committed a Class C misdemeanor offense in violation of the condition of bond that he commit no offense against any state or the United States. We affirm the trial court's order denying appellant habeas corpus relief.

## Background

On June 6, 2012, appellant was named in two indictments, each of which alleged two counts of improper photography or visual recording. The charges in trial court number 061906 arose from events alleged to have occurred on May 8, 2011. The charges in trial court number 061907 arose from events alleged to have occurred on March 30, 2011. The trial court set appellant's bond at $10,000 in the first case and $20,000 bond in the second case. Condition (4) of each bond was that appellant "commit no offense against any State or the United States." On November 12, 2012, the State filed motions to revoke appellant's bonds, alleging he failed to comply with condition (4) in that he committed the offense of disorderly conduct on October 25, 2012 in Collin County.

At the December 12, 2012 hearing on the State's motion, evidence was presented that on October 25, 2012, appellant had been observed and videotaped crawling underneath a clothing rack and looking up the dress of a female shopper. As a result he was charged with disorderly conduct.

Evidence was also presented regarding the results of a search warrant that was executed at appellant's house. Officers seized digital media cards, a digital camera, and appellant's computer. They sent the digital media to a computer lab for analysis. The analysis revealed almost 2000 short videos showing appellant following women around retail establishments and in a mall. There were also videos of children wearing short skirts at a bus stop near appellant's house. One video showed appellant underneath a truck videoing women as they got into their vehicles. All of the women were wearing short skirts. During one or two of the videos, appellant videotaped his own face.

There was also evidence presented that, during the course of the investigation, it was determined that appellant had an outstanding warrant for indecent exposure.

At the conclusion of the hearing, the trial court revoked appellant's bond in each case.

On December 26, 2012, appellant filed applications for writ of habeas corpus seeking reinstatement of the bonds. Appellant asserted he was entitled to bail as a matter of law and the limited exceptions which allow for denying bail do not apply to his cases. On January 16, 2013, the trial court conducted a hearing on appellant's application. No new testimony was presented at this hearing. Appellant's attorney argued the revocation of appellant's bond violated the Texas Constitution because the condition that he not commit an offense against any State or the United States did not give appellant fair notice of what conduct was prohibited.

At a January 29, 2013 hearing on appellant's "motion for new trial" as to the habeas application, appellant's wife testified she learned of appellant's pending charges from a news reporter who had come to her home. She testified the family relied on appellant's income for support, she wanted to go to counseling, and she would not have a problem with a bond condition that required appellant to wear an ankle monitor and to stay out of retail establishments.

The trial court denied the relief sought by his application for writ of habeas corpus by written order.

**Applicable Law**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount

of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

**Analysis**

**1. Article 1, Section 11b**

Appellant first contends that article 1, sections 11a and 11b of the Texas Constitution must be read together so that, upon revocation of bail under section 11b, new bail may only be denied under circumstances that comport with section 11a. The State responds that appellant's contention is not supported by the plain language of sections 11a and 11b, statute, or case law.

In interpreting the Texas Constitution, our duty is "to ascertain and give effect to the plain language and intent of the framers and of the people who adopted it." *Wilson v. Galveston Cnty. Cent. Appraisal Dist.*, 713 S.W.2d 98, 101 (Tex. 1986) (quoting *Gragg v. Cayuga Indep. Sch. Dist.*, 539 S.W.2d 861, 866 (Tex. 1976)). In construing a constitutional amendment, we look both to the evil sought to be cured and the remedy sought to be applied. *Markowsky v. Newman*, 134 Tex. 440, 449, 136 S.W.2d 808, 813 (1940). We presume the language used in the amendment was carefully selected and the words used are to be interpreted as the people generally understood them. *See id.*

Article 1, section 11b of the Texas Constitution, which governs violation of conditions of release pending trial and the denial of bail, states:

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or the safety of the community.

TEX. CONST. art. I, § 11b.

Article 1, section 11a provides for the denial of bail at the outset for individuals charged with a felony offense and who meet one of the criteria set forth in section 11a. *See* TEX. CONST. art. I, § 11a. Section 11b, on the other hand, governs situations in which bail, although initially granted, has been revoked because the defendant violated a condition of his release. It allows for the subsequent denial of bail, limited by two conditions: (1) the defendant is charged with a felony; or (2) the defendant is charged with an offense involving family violence. Nothing in the plain language of section 11b limits the denial of bail following revocation to those conditions set forth in section 11a, nor has the Court found any Texas case that has held section 11b is limited by section 11a.[1]

Based on a plain reading of section 11b, we conclude that nothing in it restricts its application to bond revocations based on the commission of a new serious felony offense. Rather, the plain language of the provision is for the revocation and subsequent denial of bond to an individual who has been shown by a preponderance of the evidence to have violated a condition of his bond. *See* TEX. CONST. art. I, § 11b. We also conclude this is consistent with the evil that article 1, section 11b sought to be cured—that is individuals committing new crimes after they have been released on bond for a felony offense. *See Markowsky*, 134 Tex. at 449, 136 S.W.2d at 813.

### 2. Vagueness and Due Process

Appellant next contends the condition that he commit no offense against the law of any state or the United States was unconstitutionally vague so as to deprive him of Due Process because it did not put him on notice his bond could be revoked and he could be denied further

---

[1] *Cf.* Heath Coffman, *A Look at the New Texas Constitution Article 1, Section 11B*, 59 Baylor L. Rev. 241, 254—57 (2007) (discussing distinctions between sections 11a and 11b).

bail on the basis of a Class C misdemeanor. The State responds that appellant did not challenge this condition of bond at the time it was imposed, and he may not use this habeas corpus proceeding to collaterally attack his bond conditions.

Appellant did not object to the bond conditions at the time they were imposed. He made no objection to the condition of bond until after he violated it. Appellant's failure to object to the condition at the time it was imposed precludes his collateral attack on the condition now that his bond has been revoked. *See Smith v. State*, 993 S.W.2d 408, 411 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Ex parte Crispen*, 777 S.W.2d, 103, 105 (Tex. Crim. App. 1989); *Ex parte Russell*, 738 S.W.2d 644, 647 (Tex. Crim. App. 1986)).

Moreover, contrary to appellant's assertion, we conclude the condition of bond that he "commit no offense against any State or the United States" was neither vague nor ambiguous. The condition clearly identified what conduct was required of appellant while he was on bond for the two state jail felony offenses with which he is charged. It also put appellant on notice that he was subject to having his bond revoked if he did commit an offense against any state or the United States.

Finally, the record shows that while appellant was on bail for two state jail felony offenses in Grayson County, he was charged with committing a new offense in Collin County that involved similar conduct to that involved in the Grayson County charges. The trial court heard testimony regarding both the Grayson County offenses and the Collin County offense. We conclude the evidence supports the trial court's finding that appellant violated a condition of his bond that was necessary for the safety of the community. *See* TEX. CONST. art. I, § 11b. Thus, the trial court did not abuse its discretion in revoking appellant's bond and denying him a new bond.

We overrule all of appellant's issues.  We affirm the trial court's orders denying appellant the relief sought by his application for writ of habeas corpus.


/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130165F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ABUNDIO VAZQUEZ

No. 05-13-00165-CR

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 061906.
Opinion delivered by Justice Moseley,
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Judgment entered this 24th day of April, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ABUNDIO VAZQUEZ

No. 05-13-00166-CR

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 061907.
Opinion delivered by Justice Moseley,
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.


Judgment entered this 24th day of April, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE